IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ARMAND I BAKER,

                    Plaintiff,                    OPINION AND ORDER

    v.
                                             16-cv -567-wmc

DEPUTY DOHERTY

                    Defendant.

*Pro se* plaintiff Armand Baker is proceeding in this civil lawsuit against defendant Deputy Doherty on claims under the First and Fourteenth Amendment related to an incident where Doherty stood in front of Baker while he was trying to pray and told Baker that "normal people don't pray with their face on the floor." Now before the court is Doherty's motion for summary judgment on the ground that Baker failed to exhaust his administrative remedies. (Dkt. #21.) Since he filed this action before receiving a final decision on his grievance, the law of this circuit mandates that the court grant defendant's motion and dismiss this lawsuit without prejudice to Baker's ability to re-file a timely lawsuit bringing this claim.

OPINION

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally speaking, a prisoner must "properly take each step within the administrative process" to comply with § 1997e(a). *Pozo v. McCaughtry*, 286

1

F.3d 1022, 1025 (7th Cir. 2002). This includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), and filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025.

The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006); *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013) (prison staff need notice of a problem and an opportunity to address it). If a prisoner fails to exhaust his administrative remedies before filing a lawsuit, then the court *must* dismiss the case. *Perez v. Wisconsin Dept. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Because exhaustion is an affirmative defense, however, *defendants* bear the burden of establishing plaintiff's failure to exhaust. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

During the relevant time period, the Dane County Jail had policies and procedures in place that governed inmate grievances. Policy 607.07 lays out the proper way for inmates to file grievances and grounds by which grievances may be rejected by Jail Administration. Explicit in this procedure is an appeal process, which requires inmates who are dissatisfied with the response they received from a complaint to appeal the decision of the grievance within five business days of when they received the response. The appeal must be marked "Appeal" and use a standard grievance form.

On August 3, 2016, Baker filed a grievance about the incident where Doherty interrupted his prayer, laughed at him and told him he could not pray in the dayroom. His grievance was assigned a number, 22243, and jail staff dismissed it, finding that Doherty's

actions were appropriate. It appears that Baker received the response on August 13, 2016. (Dkt. #23-2, at 2.) Instead of filing an appeal of that result within the jail, Baker filed this lawsuit on August 15, 2016. Then, *three days later,* on August 18, 2016, Baker filed his appeal of grievance 22243. On August 23, 2016, Baker's appeal was denied and the initial finding that Doherty's actions were lawful was affirmed. (Dkt. #23-3.)

Baker's failure to completely exhaust this claim prior to filing this lawsuit requires dismissal, and the fact that it appears that Baker sufficiently exhausted his administrative remedies within the Dane County Jail shortly after filing suit does not change this result. To conclude otherwise would discount the purpose of exhaustion, which is to permit the parties the opportunity to resolve disputes *informally* without being overshadowed by a federal lawsuit. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (noting that courts routinely dismiss a "suit that begins too soon, even if the plaintiff exhausts his administrative remedies while the litigation is pending"); *Perez v. Wisconsin Dept. of Corrections,* 182 F.3d 532, 537 (7th Cir.1999) ( "[A] case filed before exhaustion has been accomplished must be dismissed."). Accordingly, the motion will be granted and this case will be dismissed without prejudice. *Fluker v. County of Kankakee*, 741 F.3d 787, 791 (7th Cir. 2013) (dismissals for failure to exhaust are always without prejudice, "even if exhausting administrative remedies will prove to be impossible"). Should Baker decide that he wishes to file a new lawsuit related to this incident, it would appear that his claims would not be time-barred, but he should bear in mind that filing a new lawsuit will trigger a new filing fee, and, if he remains incarcerated, subject him to the requirements of the PLRA.

ORDER

IT IS ORDERED that:

1. Defendant Doherty's motion for summary judgment for failure to exhaust administrative remedies (dkt. #21) is GRANTED. This matter is DISMISSED without prejudice.

2. The clerk of court is DIRECTED to enter judgment in defendant's favor.

Entered this 20th day of February, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge